## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MONSANTO COMPANY and | § | |
| MONSANTO TECHNOLOGY, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 4:10-cv-02249 |
| | § | |
| ZEFERINO SAUCEDA, | § | |
| *Defendant.* | § | Pending in the: |
| | § | Eastern District of Missouri |

### AMERICAN STATE BANK'S MOTION FOR PROTECTIVE ORDER
### AND OBJECTION TO SUBPOENA TO PRODUCE DOCUMENTS,
### INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF
### PREMISES IN A CIVIL ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, American State Bank ( "**ASB**"), and hereby files this Motion for Protective

Order and Objection to Subpoena to Produce Documents, Information, or Objects or to Permit

Inspection of Premises in a Civil Action ("**Subpoena**") and in support thereof, would respectfully

show unto the Court the following:

### I.

Plaintiff, by Subpoena to American State Bank attached hereto as **Exhibit "A,"** ordered that

the Custodian of Records of ASB to produce certain bank records of Defendant in the above-styled

and -numbered cause. ASB, a financial institution, is subject to compliance with the Texas Finance

Code Section 59.006 and the Graham, Leach, Blily Act governing a customer's financial privacy.

**WHEREFORE, PREMISES CONSIDERED**, ASB prays that this Court will grant its

Motion for Protective Order and Objection to the Subpoena Duces Tecum requested by Kevin M.

RE: Monsanto Company and Monsanto Technology, LLC vs. Zeferino Sauceda
American State Bank's Motion for Protective Order and Objection to Subpoena Duces Tecum     Page 1 of 3
00048040.WPD - ver

Carnie, Jr., Thompson Cobum, LLP, or specifically order the Custodian of Records of ASB to produce the requested documents and waive all rights under any and all State and federal laws related to the production of same.

Respectfully submitted,

**McWHORTER, COBB AND JOHNSON, L.L.P.**
1722 Broadway (79401)
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214 - Telephone
(806) 762-8044 - Facsimile

By: _____

R. Michael McCauley, Jr.
State Bar No. 00797030

COUNSEL FOR AMERICAN STATE BANK

**CERTIFICATE OF CONFERENCE**

This is to certify that I conferred with counsel of record for both Kevin M. Carnie, Jr., counsel for Plaintiff, and Charles Dunn, counsel for Defendant, concerning the relief requested in this Motion on the 13th day of September, 2011, and they informed me that they do not oppose the relief requested in this Motion for the Court to issue an order to ASB to provide the requested documents.

R. Michael McCauley, Jr

RE: Monsanto Company and Monsanto Technology, LLC vs. Zeferino Sauceda
American State Bank's Motion for Protective Order and Objection to Subpoena Duces Tecum
00048040.WPD - ver

Page 2 of 3

## CERTIFICATE OF SERVICE

I, R. Michael McCauley, Jr., hereby certify that a true and correct copy of the foregoing document was mailed via Certified Mail, Return Receipt Requested, to the following on the 15th day of September, 2011:

Mr. Kevin M. Carnie, Jr.
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
*CM/RRR #7009 0820 0002 0579 4205*

Mr. Charles Dunn
LAW OFFICES OF CHARLES DUNN
P. O. Box 311
Lubbock, Texas 79408
*CM/RRR #7008 3230 0002 3971 0795*

R. Michael McCauley, Jr.

RE: Monsanto Company and Monsanto Technology, LLC vs. Zeferino Sauceda
American State Bank's Motion for Protective Order and Objection to Subpoena Duces Tecum
00048040.WPD - ver

Page 3 of 3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| Monsanto Company and Monsanto Technology LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:10-cv-02249 |
| Zeferino Sauceda | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Missouri ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: American State Bank
    1401 Avenue Q, Lubbock, TX 79411

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: attn: Kevin M. Carnie Jr. | Date and Time: |
|---|---|
| Thompson Coburn LLP | 09/19/2011 10:00 am |
| One U.S. Bank Plaza, St. Louis, MO 63101 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/23/11

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Monsanto Company and
Monsanto Technology LLC _____, who issues or requests this subpoena, are:

Kevin M. Carnie Jr.
Thompson Coburn LLP, One U.S. Bank Plaza, St. Louis, MO 63101
kcarnie@thompsoncoburn.com    (314) 552-6047

**EXHIBIT**

A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:10-cv-02249

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

1. All monthly account statements for any accounts held jointly or individually by Mr. Zeferino Sauceda of Slaton, Texas from January 1, 2005 through December 31, 2010.

2. Copies of all checks deposited into accounts held jointly or individually by Mr. Zeferino Sauceda of Slaton, Texas from January 1, 2005 through December 31, 2010.

3. Copies of all checks drawn on accounts held jointly or individually by Mr. Zeferino Sauceda of Slaton, Texas from January 1, 2005 through December 31, 2010.

5393944.1